[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1 (E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2 (G) (1).
In 1986, defendant-appellant Michael Mason pleaded guilty to one count of rape and one count of gross sexual imposition. He was sentenced to five to twenty-five years on the rape conviction and to one year on the gross-sexual-imposition conviction, with the sentences to be served concurrently.
On December 30, 1998, Mason was brought from his place of confinement to the Hamilton County Court of Common Pleas for a sexual-predator hearing. After hearing the evidence, the trial court adjudicated Mason a sexual predator. From this adjudication, Mason appeals and brings four assignments of error.
In his first assignment of error, Mason asserts that R.C. Chapter 2950, which provides for the classification of individuals who have committed sexually-oriented offenses, violates the Ex Post Facto Clause of the United States Constitution and the retroactive-laws prohibition of Section 28, Article II of the Ohio Constitution. This court in State v. Lance
(Feb. 13, 1998), Hamilton App. No. C-970301, unreported, and the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 112, have rejected these challenges. Accordingly, the first assignment lacks merit.
Mason contends, in his second and third assignments of error, that R.C. Chapter 2950 violates the Double Jeopardy Clause of the United States Constitution and that it is unconstitutionally vague. Because we rejected both of these challenges in Lance, supra, these assignments also lack merit.
In his final assignment of error, Mason contends that his adjudication as a sexual predator was against the weight of the evidence. Because we conclude that the trial court had before it clear and convincing evidence to establish that Mason had pleaded guilty to a sexually-oriented offense and was likely in the future to engage in another sexually-oriented offense, we reject this claim as lacking merit and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on November 3, 1999
per order of the Court _______________________________. _______________________________________________ Presiding Judge